# WM. WATERALL & COMPANY

*v.*

# M. G. STRAYER.

.San Juan, Equity, No. 988.

OPINION AND ORDER AS TO BANK CLAIM.

Mortgage—Assignment.
>    1. If a mortgage is alleged to be held as collateral to a certain note, its value above the amount of the note belongs to the maker.

Prescription—Collateral.
>    2. A clause in a note making the collateral subject to other debts is barred in six years where the new debts to which it is sought to extend the collateral make no mention of it.

Collateral—Notice.
>    3. The representative of the debtor is entitled to notice of a claim to extend the collateral to other debts.

Opinion filed August 25, 1917.

*Mr. Frank Antonsanti* for plaintiff.

*Mr. Charles Hartzell* for American Colonial Bank.

HAMILTON, Judge, delivered the following opinion:

The facts show that on November 5, 1906, Strayer borrowed from the American Colonial Bank $1,000, giving a note containing in the printed part the words, "It is also here-

by agreed and understood that the collaterals at any time to this note, or the proceeds of said collaterals, shall be applicable upon the same conditions as aforesaid, to any other note, obligation, or claim, whether matured or not, now held, or hereafter held, by said company against. . . ." This note was not registered or brought to the attention of any third person. As collateral to the debts a certain mortgage made by Mrs. Christianson to Strayer dated December 4, 1905, before a notary, and registered was assigned by Strayer to the bank on November 5, 1906, by a deed before a notary, and not shown to have been registered. This assignment recites that the mortgage has not been assigned or encumbered previously, and that Strayer "has contracted with the American Colonial Bank of Porto Rico a loan of $1,000, giving as collateral security the assignment," etc., and in stipulation fourth under the head "Collateral Guaranty" is the provision: "Mr. Merrewether G. Strayer, as collateral guaranty for the fulfilment of the obligations herein contracted, does hereby assign and transfer all rights, title, and interest accruing to him under the deed hereinbefore transcribed, for the collection of the $2,500 therein set forth, unto the assignee, the American Colonial Bank of Porto Rico, which will occupy as regards the debtor Mrs. Ellen Christianson, the same place and rights now held by the assignor under said deed."

The notary warned the parties according to law that notice of the assignment should be served on Mrs. Ellen Christianson.

No-question is made as to validity of the collateral as to the $1,000, but the claim of the bank to apply it to other obligations dated in 1916 and 1917 is disputed by the receiver. Mrs.

Waterall & Co. v. Strayer.

Christianson claims to have reduced or paid the balance on the mortgage over the thousand dollars by certain improvements and planting on the place placed by agreement with Strayer.

1. The assignment of the mortgage is complete, but it is expressly named as collateral, not in ownership, and as collateral only for the $1,000 note. If the bank held the title, it held it above the $1,000 claim for the benefit of Strayer or his assigns. The one agreement with Mrs. Christianson was for the 1916–17 notes now in question, and would be valid because perfected.

2. The clause as to collateral for other debts must be held to be barred by prescription of six years (Civ. Code, §§ 1863–1875) is not less, even as between Strayer and the bank. This is borne out by the fact that, so far as appears, there was no reference to the old collateral in the new debts made ten years later.

3. There was actual notice required to Mrs. Christianson of the $1,000 transaction, but none given of the later, which would be even more necessary if she was to be held. Nor was there any constructive notice to her or anyone else from registration of the extension provision of the note. Indeed the express notice apparently given of the assignment of the mortgage would amount to an express waiver as to Mrs. Christianson of the extension clause in the note.

Whether the real beneficiary is Mrs. Christianson or the receiver would be immaterial at present. The claim of either is superior to the bank upon the mortgage under the extension clause.

Waterall & Co. v. Strayer.

The claim of the American Colonial Bank is not disputed, and is allowed, except that as to the surplus of the collateral above the $1,000 note, and interest, the lien claimed is denied.

It is so ordered.